Same Case. — Application por a Re-hearing.
Martin, J.
At the close of the last term, the plaintiff’s counsel solicited the indulgence of the court, in order to obtain until the fourth day of last month, time for an application for a re-hearing. It was granted to them, but they have not thought proper to avail themselves of this indulgence. The plaintiff, before the opening of the court, filed an application for a re-hearing, of which he has furnished a copy to each of us.
A close attention to his argument, has not enabled us to discover any point which was not touched upon by his counsel. It is admitted, that he was one of the sureties, in solido, of the cashier of the Bank; that there was a very large deficiency, of which *311 the cashier was unable to give any account. Under these facts, it was difficult to conceive how the plaintiff could escape from the high responsibility which weighed upon him. But the evidence did not establish positively, that the cashier had applied to his own use the funds he could not account for. The plaintiff in his application for a re-hearing, has supplied the deficiency; as he admits, that the funds were applied to the cashier’s use* After this admission, it is difficult to imagine, how the defendants could be charged with a fraud in having received from the plaintiff a sum, which they had an undoubted right to exact from him ; and how it could be possible for us to avoid allowing them to retain it.

Re-hearing refused.

 No argument for a re-hearing was presented by the counsel in this case. The grounds on which a re hearing was asked for, were stated in an elaborate petition filed by the plaintiff, in person. In this petition, the plaintiff states: “Io Que Martin Gordon, Jun., caissier de la Banque de V Union a pris pour son usage personnel les $51,000, qui font la base principóle de ce pnces, et que ce fait Vétait á la connaissance de la directoire, et notamment de cenx de ses membres qui representaient l’état,” &c.